

December 5, 2018

**BY ECF MOTION**
The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Joshua S. Hurwit**
Associate General Counsel
Office of General Counsel

Tel (718) 990-5699
hurwitj@stjohns.edu

8000 Utopia Parkway
Queens, New York 11439

Re:   *Antonino Bussa v. St. John's University*
      **18-cv-04623-KAM-RER**

Dear Judge Matsumoto:

I represent Defendant St. John's University ("St. John's") in the above-referenced matter, and request a pre-motion conference under Section (IV)(B) of Your Honor's Practices in advance of St. John's' anticipated motion to dismiss Plaintiff's Complaint because it was not timely served and it fails to state plausible causes of action.  Pursuant to Your Honor's Practices, St. John's also proposes the following briefing schedule for the anticipated motion:  Moving brief to be filed by January 11, 2019; Plaintiff's opposition to be filed by February 11, 2018; and reply to be filed by March 4, 2019.

On December 6, 2017, Plaintiff filed an administrative complaint with the New York State Division of Human Rights ("NYSDHR"), alleging that St. John's discriminated against him by not granting him a graduate assistantship because of his gender (male) and disability (cerebral palsy).[1]  The administrative complaint alleged discrimination under the New York State Human Rights Law ("NYSHRL"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA").  The administrative complaint was also filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  On May 30, 2018, the NYSDHR issued a No Probable Cause determination, finding that Plaintiff's complaint did not plausibly allege gender and disability discrimination claims, and that it lacked jurisdiction over Plaintiff's claims as a student applicant.  On July 30, 2018, the EEOC issued a Dismissal and Notice of Rights, finding: "No Jurisdiction- Standing (Graduate Assistantship)" over Plaintiff's claims. Plaintiff filed this Complaint on August 14, 2018, and served it on St. John's 93 days later, on November 15, 2018.

---

[1] The Court may take judicial notice of the NYSDHR complaint and determination on a motion to dismiss.  *See Evans v. New York Botanical Garden*, 2002 U.S. Dist. LEXIS 16434, at *12 (S.D.N.Y. Sept. 4, 2002).

The Honorable Kiyo A. Matsumoto, U.S.D.J.
December 5, 2018

In the "Basis for Jurisdiction" section of the Complaint, Plaintiff checks the box corresponding with the ADA only. (Cmplt. at p. 3). In the "Statement of Claim" section of the Complaint, the Plaintiff checks the box next to "Failure to hire me," "Failure to accommodate by disability," and "Other acts," next to which he writes, "Denied a Graduate Assistantship." (*Id.*). In the section of the Complaint with the heading titled, "Defendant(s) discriminated against me based on my (*check all that apply and explain*):" Plaintiff checks the box corresponding with "gender/sex" and writes "male," and checks the box corresponding with "disability or perceived disability (*specify disability*)," and writes "cerebral palsy."

In the factual allegations section of the Complaint, Plaintiff alleges only that in connection with his application to Graduate School in 2017, he "inquired in various offices about a graduate assistantship," but "none of the offices were helpful in giving [him] information about the process." (Cmplt. at p. 5). He also asserts that "the offices had female graduate assistantships." *Id.* Plaintiff also alleges that he stated to Robert Medrano, the Director of Graduate Admissions, that he was a person with a disability, and complained to him that the individuals he spoke with about graduate assistantships "were not very helpful." (*Id.* at p. 6). Plaintiff further alleges that he emailed Mr. Medrano and received no response, and left messages with another employee that were not returned. (*Id.*). As set forth below, these allegations fail to plausibly state a claim of disability or gender discrimination.

A. **The Complaint Should Be Dismissed Because Plaintiff Failed to Timely Serve.**

Under Fed. R. Civ. P. 4(m), the Court must dismiss an action without prejudice or order that service be made within a specified time if the Complaint is not served within 90 days after it is filed. Here, Plaintiff filed the Complaint on August 14, 2018, and served it on November 15, 2018 – three days after the 90-day service period expired. Accordingly, the Court should dismiss the Complaint as untimely. *See George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428 (S.D.N.Y. 2016) (dismissing complaint for untimely service because "plaintiff does not dispute that he failed to serve any of the [m]oving [d]efendant's, by any acceptable method, within the 90-day deadline set out in Rule 4(m)").

B. **Plaintiff's Claims Should Be Dismissed Because They Fail to State a Claim.**

It is unclear from the Complaint whether Plaintiff is asserting claims of gender discrimination under Title VII and/or the NYSHRL. To the extent the Plaintiff asserts such claims, they must be dismissed. Insofar as Plaintiff seeks to assert claims under the NYSHRL based on his alleged disability or gender, those claims are barred based on his election of remedies due to the No Probable Cause Determination of the NYSDHR. *See McDonald v. City of N.Y.*, 786 F. Supp. 2d 588, 615 (E.D.N.Y. 2011).

Moreover, Plaintiff fails to state a *prima facie* claim of gender discrimination under Title VII or the NYSHRL, as he must demonstrate that: "(1) he is a member of a protected class; (2) he

The Honorable Kiyo A. Matsumoto, U.S.D.J.
December 5, 2018

applied and was qualified for a job for which the employer was seeking applicants; (3) he suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." *Rich v. Associated Brands, Inc.*, 559 Fed. Appx. 67, 68 (2d Cir. 2014). As to the second element of the *prima facie* case, a plaintiff must show that he applied for a specific position and was qualified; a general expression of interest in a position is insufficient. *Id.* Here, Plaintiff alleges only that he "inquired" about graduate assistantships and sought information about the process, not that he actually applied and was qualified for any particular position. Accordingly, the Court should dismiss Plaintiff's gender discrimination claims. Plaintiff also fails to sufficiently allege any inference of gender discrimination, as his only reference to gender is his vague statement that "the offices had female graduate assistantships." (Cmplt. at p. 5).

Similarly, "[a] *prima facie* case of discrimination under the ADA requires showing that: (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA; (3) the plaintiff is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action *because of* his disability." *Idlisan v. N.Y. City Health & Hospitals Corp.*, 2013 U.S. Dist. LEXIS 163151, at *12 (S.D.N.Y. Nov. 15, 2013) (citations omitted; emphasis in original). In support of his disability claims, Plaintiff alleges only that he told Mr. Medrano that he is "a person with a disability," and that Mr. Medrano did not call him back after his call with him. These allegations fail to plausibly allege that he did not obtain a graduate assistantship *because of* his disability or that he even applied for any such position. *See Idlisan*, 2013 U.S. Dist. LEXIS 163151, at *14-16. Accordingly, the Court should dismiss Plaintiff's ADA failure-to-hire claim.

Plaintiff's claims should also be dismissed because his alleged interest in a graduate assistantship, in connection with his application as a graduate student (Complt at p. 5), does not constitute "employment" under either Title VII or the ADA, as evidenced by the EEOC's determination in its Dismissal and Notice of Rights that it lacked standing or jurisdiction over Plaintiff's Title VII and ADA claims because they were unrelated to an employment decision.

Finally, to the extent Plaintiff is attempting to assert a failure to accommodate claim by checking off the box for this claim, it should be dismissed because he does not allege that he advised anyone at St. John's that he required any accommodation when he allegedly told Mr. Medrano that he had an unidentified disability. (Complt. at p. 5). The limited information Plaintiff provided, and his lack of a request for a reasonable accommodation, mandates the dismissal of this claim. *See Macentee v. Int'l Bus. Machines*, 783 F. Supp. 2d 434, 443 (S.D.N.Y. 2011) ("An employee must . . . *tell his employer about [his] disability* before [his] employer has any obligation to accommodate the disability") (emphasis added).

Respectfully Submitted,

/s/ Joshua Hurwit

The Honorable Kiyo A. Matsumoto, U.S.D.J.
December 5, 2018

<u>BY FEDERAL EXPRESS OVERNIGHT</u>

cc:     Mr. Antonino Bussa
        12 Challenger Drive
        Staten Island, New York 10312