UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------
ANTONINO BUSSA,

              Plaintiff,

                    v.

ST. JOHN'S UNIVERSITY,

              Defendant.
------------------------------------

**MEMORANDUM & ORDER**
18-CV-4623 (KAM)(RER)

**MATSUMOTO, United States District Judge:**

On August 14, 2018, plaintiff Antonino Bussa ("Bussa"), an aspiring graduate student, filed this *pro se* civil action against defendant St. John's University, alleging that defendant's failure to provide information about graduate assistantships denied him a fair and equal opportunity to apply for the job and constituted employment discrimination in violation of Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117. (*See* ECF No. 1, Complaint ("Compl.")). Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.[1] For the reasons set forth below, the complaint is dismissed but plaintiff is afforded thirty days to file an amended complaint.

## I. Background

On August 14, 2018, plaintiff initiated this action. The following facts are taken from the complaint, which includes

---

[1] The court's August 21, 2018 Order is hereby vacated.

an attached July 30, 2018 Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue letter ("EEOC Right-to-Sue letter"). The allegations in the complaint and attachment are treated as true for purposes of this Memorandum and Order.

Plaintiff, a resident of Staten Island, alleges that he "was not given a fair and equal opportunity to apply to for a graduate assistantship." (ECF No 1., Compl. at 6.) He alleges that in September 2017, he applied to graduate school (presumably at St. John's University, although this is not explicitly stated in the complaint) with a graduate assistantship.[2] (*Id.* at 5.) In October 2017, he "inquired in various offices" of the defendant's Staten Island campus about graduate assistantships, but the offices, which "had female graduate assistantships," did not provide the help he was seeking. (*Id.* at 5-6.) In November 2017, plaintiff spoke briefly with "Veronica," an employee of graduate admissions, and Robert Medrano, the director of graduate admissions, regarding how to apply for graduate assistantships, but neither followed up with plaintiff to provide more information. (*Id.*) During their one conversation, plaintiff told Mr. Medrano that the

---

[2] Although the plaintiff states in his complaint that he "applied to graduate school in September 2017, with a graduate assistantship," the other allegations in the complaint suggest that he did not actually apply but, instead, merely inquired. (*See* Compl. at 5-6.)

2

offices he had visited on Staten Island were not helpful and that he has a disability. (*Id.*)

Plaintiff filed a complaint with the New York State Division of Human Rights in November 2017, alleging gender and disability discrimination, which, he alleges, was not investigated. (Compl. at 5.) The EEOC Right-to-Sue letter states that his file was closed because the EEOC had "No Jurisdiction-Standing (Graduate Assistantship)." (*Id.* at 9.) On August 14, 2018, plaintiff filed the complaint in this case, stating that the defendant's discriminatory conduct included its failure to hire him, failure to accommodate his disability, and denial of a graduate assistantship on the basis of his disability (cerebral palsy) and sex (male) in violation of the ADA.[3] (*Id.* at 3-4.) The remedy he seeks is an opportunity to "pursue the Master's Program in Homeland Security and Criminal Justice Leadership with a Graduate Assistantship." (*Id.* at 7.)

## II. Discussion

a. <u>Standard of Review</u>

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when

---

[3] Although he does not select Title VII as a basis for this Court's jurisdiction, Compl. at 4, since plaintiff alleges in his complaint that he was discriminated on the basis of his sex, the court also construes the complaint as arising under Title VII, 42 U.S.C. §§ 2000e to 2000e-17.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true when considering whether the allegations are sufficient to sustain a claim, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). The court must liberally construe *pro se* complaints "to raise the strongest arguments that they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d. Cir. 1994)). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see*

*also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[Section 1915(e)(2)(B)(ii)] provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims.").

    b. Employment Discrimination Actions

The complaint asserts claims under the ADA and Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim for discrimination based on a failure to hire, a plaintiff must show that he "(1) is a member of a protected class; (2) was qualified for the position at issue; (3) was denied the position; and (4) that the circumstances of the adverse employment decision give rise to an inference of discrimination." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (referring to the *McDonnell Douglas* framework). The *McDonnell Douglas* framework is an evidentiary standard for *prima facie* sufficiency, rather than a pleading requirement. *Littlejohn v. City of New York*, 795 F.3d 297, 308 (2d Cir. 2015). The facts alleged in the complaint therefore "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination[;] [t]hey need only give plausible support to a minimal inference

5

of discriminatory motivation." *Id.* at 311. To meet this minimal burden, "Title VII thus requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his . . . [protected class] . . . ." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 85 (2d Cir. 2015).

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* discrimination case under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinnery v. City of New York*, 601 F.3d 151, 155-56 (2d Cir. 2010) (citations omitted); *see also Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). As with Title VII claims, a plaintiff alleging discrimination under the ADA "must still 'demonstrat[e] that he suffered an adverse employment action under circumstances giving rise to an

inference of discriminatory intent.'" *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) (citing *Cortes v. MTA N.Y.C. Transit*, 802, F.3d 226, 231 (2d Cir. 2015)). And also as with Title VII, an ADA plaintiff is not required to plead a *prima facie* case under the *McDonnell Douglas* framework and "'need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* (citing *Vega*, 801 F.3d at 84).

"A claim for discrimination based on a failure to hire is analyzed under the same standard as that for one based on termination." *Cincotta v. Hempstead Union Free School Dist.*, 313 F. Supp. 3d 386, 411 (E.D.N.Y. 2018) (referring to the McDonnell Douglas framework); *see also Levitant v. City of New York Human Resources Admin.*, 625 F. Supp. 2d 85, 101 (E.D.N.Y. 2008) ("With respect to a discriminatory failure to hire or promote claim, the *McDonnell Douglas* test applies."). In such a case, an "inference of discrimination may arise if the position remains open and the employer continues to seek applicants of the plaintiff's qualifications [] or if the position was filled by someone not a member of plaintiff's protected class." *Id.* (citation omitted). Moreover, a plaintiff cannot establish that he applied for and was qualified for a position with evidence that he "generally requested [hiring] consideration[;] [a] specific application is

7

required . . . ." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 227 (2d Cir. 2004); *see also Wang v. Phoenix Satellite Television U.S., Inc.*, 976 F. Supp. 2d 527, 537 (S.D.N.Y. 2013) (citing *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998) ("For a failure to hire claim to withstand a motion to dismiss, a plaintiff must allege specific positions to which []he applied and was rejected. . . . To qualify as an application, a plaintiff's actions must be more than a general request for employment.")). But this rule is not absolute. *Petrosino*, 385 F.3d at 227. "[T]o be excused from the specific application requirement, an [applicant] must demonstrate that (1) the vacancy at issue was not posted, and (2) the [applicant] either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer." *Id.*; *see also Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 129 (2d Cir. 2004) ("[W]e have held that if an employee expresses to the employer an interest in promotion to a particular class of positions, that general expression of interest may satisfy the requirement that the employee apply for the position.").

   c. <u>Application to Plaintiff's Case</u>

     Plaintiff has failed to allege sufficient facts to demonstrate that the defendant discriminated against him in violation of Title VII or the ADA. As a general matter, the

8

complaint suggests that the plaintiff did not actually apply for a specific position, although he expressed an interest to defendants' employees. The plaintiff alleges that he "applied to graduate school . . . with a graduate assistantship," but also that he sought "information about the process" and information "regarding how to apply." (Compl. at 5-6.) Absent an allegation that plaintiff actually applied for a specific position, the court has no basis for determining that he was rejected from a position for which he was qualified.[4] The plaintiff also has not provided any facts implicating an exception to the specific application rule. Furthermore, the plaintiff has not alleged any facts regarding whether the graduate assistantship positions remain open or have been filled by people outside of his protected class.

Even if the court found that plaintiff's requests for information regarding graduate assistantships constituted specific applications, the facts alleged by the plaintiff still would not give "plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311. Plaintiff does not provide any facts to suggest that any of

---

[4] The lack of details regarding the conversations referred to in the complaint also obscures the defendant's conduct generally. Plaintiff states that "none of the offices were helpful in giving [him] information" and that "the offices . . . were not very helpful . . . ." (Compl. at 5-6.) It is unclear whether plaintiff's allegation is that he received no information at all, that certain of his questions went unanswered, or that the defendant failed to assist him in some other way.

9

defendant's employees took action (or inaction) regarding the plaintiff because of his sex or disability status.

Regarding the sex discrimination claim, plaintiff only states that the offices he visited had "female graduate assistantships." (Compl. at 5.) He does not state that there were *only* female graduate assistantships or that anyone indicated to him that men would be disfavored for these positions. The plaintiff does not allege that the positions he was interested in were later filled by women either—the only female employees referred to in the complaint were the ones who were *already* employed during the time the plaintiff was investigating the positions.

As to disability status, the plaintiff states that he told the director of graduate admissions, during their one conversation, that he has a disability. (Compl. at 6.) The plaintiff does not provide any explanation regarding why he shared this information, including whether it was to ask for an accommodation, or how the director responded to this information. He also does not suggest that anyone else he spoke with commented on or took notice of his disability.

Plaintiff has established that he is a male with a disability who sought a job or admission to a graduate program, but was not successful. The plaintiff has not connected these facts in a way that establishes a viable claim, or otherwise

10

provided additional facts that would do so.  For these reasons, plaintiff's claims for employment discrimination are dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Leave to Amend

As currently written, the complaint fails to state a claim for employment discrimination.  However, in light of plaintiff's *pro se* status, the court grants plaintiff thirty days from the date of this order to amend his complaint.[5]  *See* Fed R. Civ. P. 15(a); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.").  In preparing an amended complaint, plaintiff should take note of the information provided in this order regarding the requirements of Title VII and ADA claims.

---

[5] The court notes, however, that plaintiff is no stranger to the pleading requirements of an employment discrimination action, having filed five prior employment discrimination actions in this district. *See, e.g.*, *Bussa v. Vernon Ave Children's Sch.*, 10-CV-1895 (CBA)(Title VII & ADA complaint filed Apr. 27, 2010, stipulation of dismissal so ordered Sept. 30, 2010); *Bussa v. Northfield Bancorp Inc.*, 10-CV-4796 (CBA) (ADA complaint filed Oct. 14, 2010, stipulation of dismissal so ordered Nov. 7, 2011); *Bussa v. Henan Meiya Cultural & Commercial Development Co. Ltd.*, 11-CV-6387 (CBA)(ADA complaint filed Dec. 29, 2011, dismissed March 13, 2012); *Bussa v. A Very Special Place, Inc.*, 12-CV-871 (CBA) (ADA complaint filed Feb. 17, 2012, dismissed July 24, 2013); *Bussa v. A Very Special Place, Inc.*, 14-CV-6479 (CBA)(ADA complaint filed Oct. 29, 2014, dismissed Dec. 19, 2014).

## IV. Conclusion

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of this court's duty to liberally construe *pro se* complaints, plaintiff is given thirty days from the date of this order to file an amended complaint. Should plaintiff have a basis for claims of employment discrimination, he should provide facts in support of such claims. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace his first complaint, so he is encouraged to include any and all claims he seeks to raise against the defendant. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

The Clerk of Court is respectfully requested to serve a copy of this order, provide plaintiff with an employment discrimination complaint form, and note service on the docket. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). If plaintiff fails to amend his complaint within

thirty days of the date that this Order is entered on the docket, the court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall be entered.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
      January 8, 2019

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York